IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-02385-REB-KLM

JEREMY NECHOL DENISON,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, C.T.C.F.,
MR. MICHAEL AASEN,
MR. ORVILLE NUEFELD,
MR. LOUIS CABILING,
MR. GREG ROBINSON,
MS. CONNIE BATSON,
MS. SANDY HARRIS, and
UNKNOWN MEMBER(s) OF ANY OVERSIGHT COMMITTEE,

     Defendant(s).

---

**ORDER DENYING (1) PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
AND (2) MOTION TO STAY AND (3) GRANTING IN PART PLAINTIFF'S
MOTION FOR ENLARGEMENT**

---

**Entered by Kristen L. Mix, United States Magistrate Judge.**

This matter is before the Court on Plaintiff's Application for Referral to the Faculty of Federal

Advocates' Counsel Program and Appointment of Counsel [Docket No. 41, Filed August 27, 2007]

("Motion for Appointment of Counsel"); Plaintiff's Motion to Stay Plaintiff's Response to

Defendant's Motion to Dismiss Pending Ruling on Plaintiff's Application for Appointment of Counsel

[Docket No. 42, Filed August 27, 2007] ("Motion to Stay"); and Plaintiff's Motion for Enlargement

of Time to File Response to Defendants' Motion to Dismiss [Docket No. 44, Filed September 12,

2007] ("Motion for Enlargement").

Plaintiff filed a motion requesting that the court appoint counsel to represent him.  The Court

does not have the power to appoint an attorney without the attorneys' consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Absent the power to appoint counsel to a case, the Court can only seek volunteer counsel to represent a plaintiff such as this Plaintiff.  The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions.  His filings to date indicate that he has a firm grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately.  The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze.

The  fact that the Plaintiff is incarcerated does not warrant the need for volunteer counsel. The fact of Plaintiff's incarceration is a normal, not  a special, circumstance in this type of case before

2

this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel.

Accordingly, based on the foregoing and the entire record herein, it is hereby **ORDERED** that Plaintiff's Motion for Appointment of Counsel [Docket No. 41] is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion to Stay [Docket No. 42] is **DENIED as moot**.

It is further hereby **ORDERED** that Plaintiff's Motion for Enlargement [Docket No. 44] is **GRANTED in part**.  Although Plaintiff seeks a 90-day enlargement of time to respond presumably from the date of this Order, the Court grants the enlargement but orders Plaintiff to respond by **December 5, 2007.**

Dated at Denver, Colorado, this 26th day of September, 2007.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge