IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-02385-REB-KLM

JEREMY NECHOL DENISON,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, C.T.C.F. Clinical Services,
MR. MICHAEL AASEN,
MR. ORVILLE NUEFELD,
MR. LOUIS CABILING,
MR. GREG ROBINSON,
MS. CONNIE BATSON,
MS. SANDY HARRIS, and
UNKNOWN MEMBER(S) OF ANY OVERSIGHT COMMITTEE,

    Defendants.

## ORDER OVERRULING OBJECTION TO AND ADOPTING RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#52], filed February 26, 2008; and (2) plaintiff's **Objection to Recommendation of Dismissal of Plaintiff's Eight Amendment Claims Against Sandy Harris** [#53], filed March 10, 2008. I overrule the objections, adopt the recommendation, and grant defendants' motion to dismiss in part in accordance with the magistrate judge's recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the

recommendation, objections, and applicable caselaw. In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See* **Erickson v. Pardus**, ___ U.S.___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The recommendation is detailed and well-reasoned.

Plaintiff objects solely to the recommended dismissal of his claims against defendant Sandy Harris, the Administrator of the Colorado Territorial Correctional Facility Medical Department. Plaintiff maintains that, contrary to the magistrate judge's findings, Harris did personally participate in the events underlying this lawsuit, citing to two alleged incidents. First, plaintiff claims he met with Harris on January 26, 2007, to discuss "the conduct of her staff and the violation that it was causing and that a § 1983 Complaint had been filed." (Objections ¶ 2 at 1.) Plaintiff states also that he encountered Harris outside the clinic on January 11, 2008, where, according to plaintiff,

> [h]e told her that Dr. Stevens was supposed to submit referal [sic] to neurosurgeon at last appointment in September of 2007 and he never did. She was also iformed [sic] that Dr. whom plaintiff had just seen said she would make referal [sic]. Ms. Harris took plaintiff's name and Registration number and assured him that she would "see about it."

(*Id.* ¶ 3 at 1-2.) Plaintiff claims that he did not include the first incident in his amended complaint because "he believed that he could amend only events that had occurred up to the date of the Original Complaint." (*Id.* ¶ 6 at 2.) The second event post-dated the filing of the amended complaint, although plaintiff has not sought leave to amend his

2

complaint to add these factual allegations.

Ordinarily, I do not consider matters raised in this manner at all, and plaintiff's objections could be overruled on procedural grounds alone – timeliness and lack of verification. Nevertheless, because plaintiff is proceeding pro se, and in an abundance of caution, I note that even if I were to permit plaintiff to amend his complaint to add these allegations and consider them substantively, they would not survive dismissal under Rule 12(b)(6). Plaintiff alleges no facts to show that Harris had any responsibility in the handling of prisoner grievances. Moreover, he alleges no facts to establish that Harris acted with the requisite state of mind to state an Eighth Amendment claim. ***See Hood v. Prisoner Health Services, Inc.***, 2006 WL 1230688 at * 2 (10th Cir. May 9, 2006) (noting that "inadvertent or negligent failure to provide medical care, however serious the consequences, does not rise to 'deliberate indifference to serious medical needs' and is not a constitutional violation") (citing ***Ramos v. Lamm*** 639 F.2d 559, 575 (10th Cir. 1980)).

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#52], filed February 26, 2008, is **APPROVED AND ADOPTED** as an order of this court;

2. That plaintiff's objections stated in his **Objection to Recommendation of Dismissal of Plaintiff's Eight Amendment Claims Against Sandy Harris** [#53], filed

March 10, 2008, are **OVERRULED**;

    3. That defendants' **Motion To Dismiss Amended Complaint** is **GRANTED IN PART** and **DENIED IN PART**:

        a. That the motion is **GRANTED** with respect to plaintiff's Eighth Amendment deliberate indifference claim against the Colorado Department of Corrections, C.T.C.F. Clinical Services, insofar as it seeks damages, and this claim is **DISMISSED WITH PREJUDICE**;

        b. That the motion is **GRANTED** further with respect to plaintiff's Eighth Amendment deliberate indifference claims against defendants Louis Cabiling, Sandy Harris, Greg Robinson, Connie Batson, and William Klenke, sued in their individual capacities, and those claims are **DISMISSED WITH PREJUDICE**;

        c. That the motion is **GRANTED** further with respect to plaintiff's Fourteenth Amendment Equal Protection claims against Colorado Department of Corrections, C.T.C.F. Clinical Services and all individual defendants sued in their individual capacities, and those claims are **DISMISSED WITH PREJUDICE**; and

        d. That in all other respects, the motion to dismiss is **DENIED**;

    4. That defendants' **Motion To Dismiss** [#23], filed April 30, 2007, is **DENIED AS MOOT**; and

4

5. That defendants, Louis Cabiling, Sandy Harris, Greg Robinson, Connie Batson, and William Klenke, are **DROPPED** as named parties to this action, and the case caption is **AMENDED** accordingly.

Dated March 18, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**